IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-60324
Conference Calendar
_____


JIMMY DALE TAYLOR,

                              Plaintiff-Appellant,

versus

CHRISTINE HOUSTON,

                              Defendant-Appellee.


- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:94-CV-260-S-A
- - - - - - - - - -
August 21, 1996
Before KING, DUHÉ, and DeMOSS, Circuit Judges.

PER CURIAM:*

    Jimmy Dale Taylor, Mississippi inmate #53474, appeals the

dismissal as frivolous of his civil rights complaint.  He argues

that the district court incorrectly relied upon Heck v. Humphrey,

114 S. Ct. 2364, 2372 (1994) in determining that his complaint

has no arguable basis in law.  A review of Taylor's complaint and

his appellate argument indicates that the Heck rule is not an

impediment to Taylor's 42 U.S.C. § 1983 cause of action.  That

_____

        *  Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

is, if Taylor were successful in this suit, the judgment would not mandate a change in the fact or duration of his confinement. He would only be considered eligible for parole. <u>Cf.</u> <u>McGrew v. Texas Bd. of Pardons & Paroles</u>, 47 F.3d 158, 161 (5th Cir. 1995) (applying the <u>Heck</u> rule to complaint challenging parole board's purported extension of a sentence and revocation of mandatory supervision).

Because a Mississippi inmate does not have a constitutionally protected interest in parole eligibility under Miss. Code Ann. § 47-7-3 (Supp. 1995), we affirm on this alternate ground. <u>See</u> <u>Scales v. Mississippi State Parole Bd.</u>, 831 F.2d 565, 566 (5th Cir. 1987); <u>see also</u> <u>Sandin v. Conner</u>, 115 S. Ct. 2293, 2294 (1995).

AFFIRMED.